UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GIDDY HOLDINGS, INC. § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | Civil Action No. 1:20-cv-00434-LY |
| § | |
| ERNEST KIM § | |
| § | |
| DEFENDANT. § | |

**PLAINTIFF GIDDY HOLDINGS, INC.'s MOTION TO COMPEL**

Plaintiff Giddy Holdings, Inc. files this Motion to Compel and in support respectfully states as follows:

**INTRODUCTION**

During Defendant's December 18, 2020 deposition, Defendant refused to answer questions at the direction of counsel, despite there being no valid basis for doing so, and testified to the existence of multiple documents responsive to Giddy's discovery requests that had not been produced. Over a month later, and after numerous requests for the documents to be produced and for any justification for the refusal to answer deposition questions, Giddy is asking the Court to intervene and compel this information.

Defendant's counsel represented that Defendant would provide an explanation for Defendant's refusal to answer questions and to produce the relied upon documents as soon as possible. That information has not been provided. Giddy followed up on the admittedly relevant information on December 29, 2020, January 4, 2021 and again on January 22, 2021. Yet, Giddy has received no documents, or even an attempt to justify the refusal to answer questions. In response to the latest correspondence, Defendant promised documents by January 29, 2021.

1

Defendant's self-imposed deadline passed without a word. It is now clear that the documents are not forthcoming and there is no reasonable explanation for Defendant's refusal to answer deposition questions. Defendant's repeated refusals to participate meaningfully in the discovery process has evolved into an abuse of the discovery process.

Giddy only seeks documents that Defendant himself identified in his deposition as being within his sole possession, custody or control. Additionally, Giddy seeks documents relied upon by Defendant in support of his refusal to answer deposition questions, and an order compelling answers to the deposition questions in the rescheduled and continued deposition. Accordingly, Giddy requests the Court grant its Motion and compel Defendant to produce the documents responsive to its Requests for Production, identified during Defendant's deposition.

## ARGUMENTS AND AUTHORITIES

**A.     Applicable Legal Standard**

"[A] court is afforded broad discretion when deciding discovery matters." *Crosby v. Louisiana Health Serv. & Indem. Co*., 647 F.3d 258, 261 (5th Cir. 2011). A court may compel discovery responses when "(iii) a party fails to answer an interrogatory submitted under Rule 33, or; (iv) a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Furthermore, if a party does not answer questions at a deposition, the asking party may move for an order compelling answers. Fed. R. Civ. P. 37(a)(3)(B)(ii); *Cates v. LTV Aerospace Corp.,* 480 F.2d 620, 624 (5th Cir. 1973).

**B.     Defendant Has Failed Produce Documents Responsive To Discovery Requests.**

Giddy served its First Requests for Production on September 11, 2020, which included the following requests:

> RFP No. 3: All documents containing or reflecting communications or statements (including but not limited to all emails, text messages, social media posts, and social

2

media messages, affidavits and audio or video recordings taken or received from) provided by or obtained by any person that comment upon or refer to any of the events or situations described in Giddy's complaint, including Your affirmative defenses thereto, including Documents that discuss Your employment with Giddy and the end of your employment with Giddy.

RFP No. 4: To the extent not covered by the above Request No. 3, all Documents containing or reflecting communications or statements (including but not limited to all emails, text messages, social media posts, and social media messages, affidavits and audio or video recordings taken or received from) provided by or obtained by You that comment upon, refer to, or discuss Giddy since March 2, 2020.

RFP No. 16: All documents relating to any civil lawsuit, criminal charge, or administrative charge or complaint filed by or against you in the past ten (10) years.

RFP No. 17: All complaints, formal or informal, that you have made, filed, or caused to be filed within the past ten (10) years against any person or company which includes allegations of discrimination, harassment, retaliation or any other form of unfair treatment by an employer or supervisor.

RFP No. 19: All documents submitted by you to the US Equal Employment Opportunity Commission, the Texas Workforce Commission, or any similar state or local civil rights or human rights agency within the past ten (10) years.

*See* Exhibit A, Giddy's Requests for Production to Defendant.

In response to Request Nos. 3 and 4, Defendant stated that no known documents existed. In response to Request Nos. 16, 17 and 19, Defendant referred Giddy to his entire document production. *See* Exhibit B, Defendant's Resp. to Giddy's Requests. These responses, however, did not identify responsive documents Giddy now knows to exist.

Defendant was deposed on December 18, 2020 and during his deposition testified to the existence of documents responsive to Giddy's Request Nos. 3, 4, 16, 17, and 19. Specifically, Defendant testified that he had screenshots of company emails that he took with his phone, including confidential company information, which had not been produced. *See* Exhibit C, Excerpts from Defendant's deposition at *14:8-18*, *17:2-9.* Defendant also testified that he filed administrative complaints against Giddy with the Texas State Attorney General's office, which

also had not been produced  *Exhibit C, 218:4-22.*  Defendant and his counsel stated that the identified documents would be produced upon conclusion of the deposition. *Id.* at 149:18-21.

Therefore, on December 29, 2020, Giddy sent Defendant's counsel correspondence again requesting the responsive documents identified in Defendant's deposition.  *See* Exhibit D, December 29, 2020 correspondence from W. Stoker to C. Erick.  Defendant did not respond.  On January 4, 2021, Giddy again inquired about the status of the unresolved deposition issues.  *See* Exhibit E, Jan. 4, 2021 correspondence from W. Stoker to C. Erick.

In a final attempt to resolve the issue without court intervention, Giddy sent counsel correspondence on January 22, 2021, again requesting the documents identified in Defendant's deposition.  *See* Exhibit F, Jan. 22, 2021 correspondence form W. Stoker to C. Erick.  Defendant responded and requested a week (Jan. 29, 2021) to produce the documents. *Id.*  Unsurprisingly, Defendant did not do so, nor has he provided any update about the status of the documents.

**C.     Defendant Had No Legitimate Basis To Refuse To Answer Deposition Questions.**

Giddy attempted to depose Defendant on December 18, 2020.  At issue in this lawsuit, in part, is the veracity of the contents of Defendant's resume. *Cf.* Doc. 1 at ¶ 18, *with* Doc. 6 at ¶ 18. During the deposition, Defendant repeatedly refused to answer questions, at the direction of counsel.  The following transcript excerpt is an example:

> **Q.**  *Great. So when we left, we were talking about the list of achievements on your resume and the bottom part has four positions that have interim in front of them; and the first one is Interim Chief Marketing Officer for a one-billion dollar client. Who is the one-billion dollar client?*
> **MR. ERICK**:  **Casey Erick, for the defendant. We have talked offline and Mr. Kim has been aware that there are Non-Disclosure Agreements which prevent him from identifying the clients he's worked with.  That being said, the parties have agreed to the protective order in principle.  So while at this point, I instruct Mr. Kim not to provide the client's information, however we are going to research with you these Non-Disclosure Agreements after the deposition; and assuming that we can provide information or we don't see any danger of**

> **violating any Non-Disclosure Agreements, we will provide it by the time Mr. Kim's transcript will be back to the court reporter**
>
> …
>
> Q. *Are you refusing to answer my question, Mr. Kim?*
> A. No.
> Q. *And who is the one-billion dollar client?*
> **MR. ERICK**: **Mr. Kim, I'm -- again I'm instructing Mr. Kim, based on our discussion about these Non-Disclosure Agreements. I'm instructing Mr. Kim to not answer these questions at the time, subject to reviewing these agreements and the parties, you know, protective order that we (inaudible).**

*Exhibit C,* 40:5-41:10.

> Q. *And the second interim title says Interim Chief Marketing Officer for a 3.8-billion dollar client in 2015. Who is the 3.8-billion dollar client?*
> **MR. ERICK**: **Objection. I instruct Mr. Kim not to answer this question at this time. Pursuant to any Non-Disclosure Agreement -- (inaudible).**

*Exhibit C,* 42:8-42:14.

> Q. *Interim Head of Marketing for a 3.3-billion dollar client. Who is that 3.3-billion dollar client?*
> **MR. ERICK**: **Again, I'm going to instruct the witness not to answer that question subject to any Non-Disclosure Agreement; however, we reserve a right to produce information by the time the transcript is due back to the court reporter**.

*Exhibit C,* 42:22-43:3

> Q. *Interim Head of Marketing Analytics for a 2.2-billion dollar client in 2012. Who is the 2.2-billion dollar client?*
> **MR. ERICK**: **Again, I'll instruct Mr. Kim not to provide this information at this time**.

*Exhibit C,* 43:8-43:12.[1]

Defendant has not provided a valid basis for his refusal to answer. A person can instruct a deponent not to answer a question only for the following reasons: (1) to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion to terminate or limit the deposition because it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(c)(2), (d)(3)(A). None of

---

[1] Giddy represented on the record at the deposition that it was willing to enter into the Court's standard protective order and mark the deposition transcript "CONFIDENTIAL" in order to continue with its line of inquiry – all to no avail. *Exhibit C,* 38:20-24; 44:10-22.

these apply. In fact, during the deposition, counsel for Defendant represented *on the record* that his refusal instruction was not the subject of a privilege. *Exhibit C,* 43:16-44:9. It was not made for an allowable purpose, but instead to be "cautious." *Id*.

Since December 18, 2020, counsel has not provided a valid basis for instructing his client not to answer, and has failed to produce any documents to support the purported basis that he could not testify because of "non-disclosure agreements" or "confidentiality." Defendant has provided no justification for the refusal to answer, or even an update on his position. Giddy has exhausted all reasonable efforts to get Defendant to comply with basic discovery and rules of procedure, but has been met with stonewalling and delay. Accordingly, Giddy requests the Court grant the Motion to Compel and order Defendant to answer its deposition questions without objection.

**D.      Defendant Should Be Sanctioned For His Discovery Abuse.**

The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). Sanctions are appropriate when a party refuses to respond to a duly served request for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). The Court retains inherent power to sanction. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991). Sanctions can include the award of monetary sanctions, fees, and expenses required for preparing the motion for sanctions and attending the hearing.

Defendant's actions rise to the level of sanctioning because he refused to answer questions during his deposition, despite having no valid basis to do so. When pressed, he testified to the existence of documents, but refused to answer questions regarding their contents. Despite agreements on the record to produce said documents, Defendant has refused. Multiple attempts to confer on the matter have gone unanswered.

Giddy has attempted to be patient and reasonable with Defendant and his counsel, but cannot accept unreasonable delays any longer. Giddy asks the Court to grant its Motion to Compel discovery responses to its requests for production, sanction Defendant for discovery abuse, and order Defendant and to pay reasonable expenses, including Giddy's attorneys' fees for his refusal to comply with discovery. Fed. R. Civ. P. 37(a)(5)(A). The sanctions sought are not excessive, will ensure compliance with the rules, and will deter future violations.

## CONCLUSION

For these reasons, Plaintiff Giddy Holdings, Inc., respectfully requests that the Court grant its Motion to Compel, order Defendant to respond to Giddy's requests for production and produce documents identified during his deposition as responsive within one week, sanction Defendant for discovery abuse and award Giddy is attorneys fees and costs incurred in preparing this Motion, and that Giddy be awarded all such other relief to which it is entitled in equity or law.

Respectfully submitted,

COKINOS │ YOUNG

*/s/ M. Wilson Stoker*
M. Wilson Stoker
State Bar No.  24076806
900 S. Capital of Texas Highway
Las Cimas IV, Suite 425
Austin, Texas 78746
Tel. (512) 615-8573
Fax: (512) 610-1184
wstoker@cokinoslaw.com

**ATTORNEYS FOR PLAINTIFF,
GIDDY HOLDINGS, INC.**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via ECF on the 2nd day of February 2021, to the following counsel of record:

Casey S. Erick
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202
cerick@cowlesthompson.com
*Attorneys for Defendant*

*/s/ M. Wilson Stoker*
M. Wilson Stoker