**United States District Court**

WESTERN DISTRICT OF TEXAS

**AUSTIN DIVISION**

| | | |
|---|---|---|
| GIDDY HOLDINGS, INC. | § | |
| Giddy/Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-00434 |
| | § | |
| ERNEST KIM, | § | |
| | § | |
| Defendant/Counter Giddy. | § | |

**DEFENDANT/COUNTER-CLAIMANT'S RESPONSE TO MOTION TO COMPEL**

Defendant/Counter-Giddy ERNEST KIM ("Counter Giddy" or "Kim") files these Response to Giddy's Motion to Compel

**INTRODUCTION AND PROCEDURAL ISSUES**

1.      On December 18, 202O, Giddy deposed Ernest Kim.

2.      During the deposition, Giddy went into a line of questioning regareding irrelvant information relating to kim's prikor employement.  Specifcally, Giddy wants to know who Kim's former employer's customers were.

3.      These comprise just a handful covered during the deposition.  When this line of inquiry came up, Kim consulted with his counsel  in order to presvere and protect confidential and propretary infromation.

4.      Folllowing a rief break, the deposition was continued and Kim, at the advice ounsel, was instructed not to disclose the identity of past clients becuase he, his former employer and the former customers had signed iron-clad condidentiality agreements that he reasonably believed still prevent him from disclosing who they are.

5.      Some of these companies' annual revenues can erach into the millions and billions of dollars and who and how the companies they hire market their products is a closely guarded trade secret.  Kim did not respond to a small set of questions on this very limited issue. The parties agreed, during the depostion, to continue with the remainder fo the deposition.

DEFENDANT/COUNTER-CLAIMANT'S RESPONSE TO MOTION TO COMPEL – PAGE 1

6.      Kim *also* agreed on the record that the parties would reconvene for Kim's deposition and complete it *before* dpeosing Giddy's owner, Brett Jacobsen and a corprporate representative and that he would suppleemtn his discovery rewponses, *as needed.* However, Kim has not idetnifeyd any additional documents in his posseions that are responsive to hte categories demanded by Giddy.

7.      Giddy's motion describes a drastically different deposition and what were cooperative and productive exhcanges petween the parties.

## RESPONSE TO MOTION

8.      Giddy's motion to compel is certainly its skewed version of what they believe Defendants' responses to their objectionable discovery should be.  The vitriol in the motion is inappropriate and it is does nothing to substantiate their motion or their misguided request for sanctions.  Simply using hyperbolic words such as "obviously" or "clearly" is not evidence of any discovery misconduct.  Giddys do not cite to any legal authority to show that Defendants' responses are incomplete and their opinions are, of course, not sufficient.

9.      To be clear, Giddys' requests are, on their face, objectionable as they are poorly drafted, compound requests for discovery that seek irrelevant information about, for example, other employees and non-employees who have no relationship to the claims or defenses in this lawsuit. The requests are arguably harassing and serve no purpose, despite Giddys' verbose, copy and paste motion and brief.

10.     Even so, Defendants discussed each and every improper request with counsel and amended and/or supplemented their answers and responses, agreed to reconvene Kim's depositinos before Giddy's depositon and took ay other reasonbable step in order to act in accordance with the federal and local rules of the is Court regarding discovery, even though Defendants really had no obligation to do so and could have stood on their objections.

11.     Giddys' motion to compel is in bad faith and seeks to compel discovery which does not exist yet ask for fees and costs for bringing a groundless motion.

APPLICABLE LAW AND ARGUMENT

12.     Courts Must Consider Both the Broad Scope of the Relevance Standard, and the Separate Proportionality Requirements

13.     For this reason, Giddy's motion is fatally defective because it does not address how or why the sought after informatino is reelevant, only that Giddy wants the information for some reason.  Because Giddy fails to even address the relevancy requirement for a motino to compel, the motino has to be denied.

14.     There are two fundamental factors with respect to motions to compel discovery, as opposed to mandatory disclosure. First, the standard for determining whether information is relevant for purposes of pretrial discovery is substantially broader than the standard for relevance during trial. See Fed. R. Civ. P. 26(b)(1).

15.     Second, discovery must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); see Fed. R. Civ. P. 26(g)(1)(B)(iii) (attorney's or party's signature certifies that discovery requests, responses, and objections are "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action").

16.     The court's responsibility in deciding a motion to compel is to consider these and all other factors in reaching a case-specific determination of the appropriate scope of discovery.

See Fed. R. Civ. P. 26(b) advisory committee note of 2015.

17.     Proportionality and Good Faith Requirements.   As currently framed, the proportionality and good faith requirements are sources of significant restrictions on the enforceability of discovery probes—restrictions that can result in rejections of motions to compel even when the discovery sought is relevant and not privileged.

18.     Pursuant to the proportionality requirements, a motion to compel must be denied if the party opposing the discovery persuades the court that:

- The discovery sought is unreasonably cumulative or duplicative,

- The discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive,

- The party seeking the discovery has had ample opportunity to obtain the information by discovery in the action, or
- The proposed discovery is outside the scope of discovery permitted by Rule 26(b)(1), which includes a proportionality analysis.

19.     Likewise, pursuant to the good faith requirements, a motion to compel must be denied if the party opposing the discovery persuades the court that:

- The discovery sought is not warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law, or
- The discovery has been sought for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

20.     Defendants contend that Kim's discovery requests meet the above conditions to warrant denying the motion.  Giddys cite no authority which shows why the discovery is relevant, proportaional and in good faith.  Giddy does not articulate why it is necessary to this case. Again, Giddy just says that they just wnt it.  motion, and, for these reasons, the Giddys' motion to compel must be denied.

21.     To be clear, Giddy's boilerplate Motion to pcompel and requests for sanctions provided no legal authorikty as to why it should  be granted.

## **CONCLUSION**

22.     Based on the foregoing, the motion to dismiss must be denied in its entirety.

Respectfully Submitted,

**COWLES & THOMPSON, P.C.**

By:_____

**CASEY S. ERICK**
State Bar Card No. 24028564
901 Main Street, Suite 3900
Dallas, Texas 75202
(214) 672-2138 (Telephone)
(214) 672-2338 (Fax)
cerick@cowlesthompson.com

**ATTORNEY FOR DEFENDANT/COUNTER-GIDDY
ERNEST KIM**

DEFENDANT/COUNTER-CLAIMANT'S RESPONSE TO MOTION TO COMPEL – PAGE 4

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of February 2021, a true and correct copy of the foregoing was forwarded to all counsel of record.

By:_____

**CASEY S. ERICK**