| EXHIBIT D |
|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GIDDY HOLDINGS, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | Civil Action No. 1:20-cv-00434-LY |
| | § | |
| ERNEST KIM | § | |
| | § | |
| DEFENDANT. | § | |

## DECLARATION OF ROMAN BULKIEWICZ

1.  My name is Roman Bulkiewicz.  I am over 21 years old, am of sound mind, and am capable of making this affidavit.

2.  The facts stated within this Declaration are within my personal knowledge and are true and correct.

3.  I am the Chief Technology Officer for Giddy Holdings, Inc.  In my role as Chief Technology Officer, I have responsibility for managing all of Giddy's computers, networks, and shared drives, including the use of Giddy computers to create and store information.

4.  When a new employee joins Giddy, they are given a Giddy-owned laptop.  The laptps are Apple devices.  Kandji Software installs a management profile that allows Giddy to manage all settings in the device.  Giddy preinstalls basic software the employee should be using, including Google Chrome, Google Suite, and Slack.  Based on the user's job description, other software (including Microsoft Office or Salesforce) may be installed.

5.  The employee is expected to set up and use the laptop on the G-Suite platform. After set up, all documents can be stored locally on the computer or in the cloud.  Employees are informed that they are expected to back up all locally stored documents on the cloud.  If an

employee creates a document and does not back it up to the cloud, that the document can be lost forever if deleted locally.

6. An employee with access to any particular document may have the ability to delete it from the shared drive. If a document is deleted on the shared drive, it is deleted across all employee's drives and accounts and no employee is able to access or recover it.

7. These pre-installed programs and access points are not able to be deleted absent disabling specific protections that Giddy has in place to prevent such deletion. Any deletion of files or data from a Giddy computer would have to be intentional due to the number of steps required.

8. I have read the deposition testimony and pleadings in this case where Mr. Kim asserts that he never created or saved any documents on his Giddy laptop. This is untrue. I know Mr. Kim created, saved, and shared documents on his Giddy laptop because of the file extensions in the documents that Mr. Kim shared on Giddy's cloud-based systems and shared drives.

9. For example, on March 10, 2020, Mr. Kim shared a document to the Giddy shared drive titled "Giddy Marketing Calendar 2020 v2.xlsx." A true and correct copy of this shared document was produced as GIDDY0006, and is attached hereto as Exhibit Bulkiewicz-1. In order to share a Microsoft Excel "xlsx" file, Mr. Kim would have had to have created the file in Microsoft Excel locally and then upload it to the Giddy shared drive. If Mr. Kim had created the spreadsheet through the shared drive (i.e. not locally), it would not have the file extension. By way of comparison, Mr. Kim shared a Google Docs file titled "PR Stunt Ideas" on March 24, 2020. A true and correct copy of this document was produced as GIDDY0010, and is attached hereto as Exhibit Bulkiewicz-2. The lack of a .doc or .docx in this file extension indicates that Mr. Kim shared the document through the shared drive, rather than a document uploaded locally from Microsoft Word.

Put another way, GIDDY0010 was created in Google Docs (the "cloud"). The .xlsx file extension in GIDDY0006 demonstrates the use of Microsoft Excel locally by Mr. Kim. And the use of Microsoft Excel demonstrates that Mr. Kim used software other than the cloud-based systems in the course of his work and he saved files outside of the cloud-based systems.

10. It is difficult to know exactly how much data and how many documents were lost due to Mr. Kim's efforts because it is almost impossible to search for things that are not there. However, we know that Mr. Kim deleted files and data because we know that certain data and files did exist, and then after Mr. Kim was terminated, they no longer existed. By "wiping" his computer as admitted, Mr. Kim also wiped all Giddy data and documents he created from Giddy systems.

11. Giddy has been unable to recover the data deleted by Mr. Kim.

12. Additionally, through my role with Giddy, I am able to determine that Mr. Kim affirmatively attempted to access Giddy's systems post-termination, and his efforts continued into at least July 2020. Giddy's records show that Mr. Kim attempted to use his Giddy email and password to gain access to Giddy's systems on April 29, 2020, July 23, 2020, and July 27, 2020. A true and correct copy of these attempts were produced as GIDDY0183, and is attached hereto as Exhibit Bulkiewicz-3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 10, 2021

                                     DocuSigned by:
                                     *Roman Bulkiewicz*
                                     ─────3199AEC3764F41A...─────
                                     **ROMAN BULKIEWICZ**