| | |
|---|---|
| **EXHIBIT E** | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **GIDDY HOLDINGS, INC.** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | Civil Action No. 1:20-cv-00434-LY |
| | § | |
| **ERNEST KIM** | § | |
| | § | |
| **DEFENDANT.** | § | |

**DECLARATION OF WILLIAM "TREY" CARDEN**

1. My name is William "Trey" Carden. I am over 21 years old, am of sound mind, and am capable of making this affidavit.

2. The facts stated within this Declaration are within my personal knowledge and are true and correct.

3. I am employed in the IT department at Giddy Holdings, Inc. Along with our Chief Technology Officer, I have responsibility for managing Giddy's computers, networks, and shared drives, including the use of Giddy computers to create and store information. I specifically managed the laptop and technology licenses given to Ernest Kim during his employment.

4. When a new employee joins Giddy, they are given a Giddy-owned laptop. The laptps are Apple devices. Kandji Software installs a management profile that allows Giddy to manage all settings in the device. Giddy preinstalls basic software the employee should be using, including Google Chrome, Google Suite, and Slack. Based on the user's job description, other software (including Microsoft Office or Salesforce) may be installed.

5. The employee is expected to set up and use the laptop on the G-Suite platform. After set up, all documents can be stored locally on the computer or in the cloud. Employees are

informed that they are expected to back up all locally stored documents on the cloud. If an employee creates a document and does not back it up to the cloud, that the document can be lost forever if deleted locally.

6. An employee with access to any particular document may have the ability to delete it from the shared drive. If a document is deleted on the shared drive, it is deleted across all employee's drives and accounts and no employee is able to access or recover it. Ernie Kim was told about these policies and their effect on Giddy systems at the time of hire.

7. These pre-installed programs and access points are not able to be deleted absent disabling specific protections that Giddy has in place to prevent such deletion. Any deletion of files or data from a Giddy computer would have to be intentional due to the number of steps required.

8. After Mr. Kim's employment ended, Giddy demanded the return of his company-issued technology, including a laptop. Mr. Kim was told specifically not to delete, alter, or disable any content on the laptop. When we received the laptop from Mr. Kim, I found that all the protections that would prevent a user from disabling Giddy programs and deleting Giddy data were disabled. The computer had been wiped entirely and many documents permanently deleted from the Giddy cloud. Mr. Kim's efforts at "wiping" the computer directly caused this data and document loss.

9. It is difficult to know exactly how much data and how many documents were lost due to Mr. Kim's efforts because it is almost impossible to search for things that are not there. However, we know that Mr. Kim deleted files and data because we know that certain data and files did exist, and then after Mr. Kim was terminated, they no longer existed. By "wiping" his

computer as admitted, Mr. Kim also wiped all Giddy data and documents he created from Giddy systems.

10. Giddy has been unable to recover the data deleted by Mr. Kim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 11, 2021 in Austin, Texas.

_____
**WILLIAM CARDEN**