UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GIDDY HOLDINGS, INC. § § PLAINTIFF, § § VS. § ERNEST KIM § § DEFENDANT/COUNTER- § PLAINTIFF § § VS. § § BRETT JACOBSON § COUNTER-DEFENDANT. § | Civil Action No. 1:20-cv-00434-DAE-ML |

### COUNTER-DEFENDANT BRETT JACOBSON'S MOTION TO STRIKE COUNTER-PLAINTIFF ERNEST KIM'S SECOND AMENDED COUNTERCLAIM AS UNTIMELY, OR IN THE ALTERNATIVE MOTION TO COMPEL ARBITRATION

Counter-Defendant Brett Jacobson files this Motion to Strike Counter-Plaintiff's Second Amended Counterclaim under Fed. R. Civ. P. 15(a), or in the alternative Motion to Compel Arbitration, and would respectfully show the court as follows:

### INTRODUCTION

Defendant/Counter-Plaintiff Kim was granted leave to amend his counterclaims to assert a claim of fraud against Counter-Defendant Jacobson "to the extent it relates to the 'details of [his] termination.'" *Doc.* 61, pg. 14. Kim's Second Amended Counterclaim runs far afoul of this Order by instead asserting a fraud claim against Jacobson for alleged statements made *prior to* Kim's employment (or not made by Jacobson at all). *See generally, Doc.* 65. Therefore, Kim's Second Amended Counterclaim is made without leave of the Court and is thus in violation of Fed. R. Civ. P. 15(a), and should be struck.

1

But even if Kim's Second Amended Counterclaim were proper, there is a valid, binding arbitration agreement that governs any disputes brought by Kim relating to his employment with Plaintiff Giddy Holdings. As Kim's veil-piercing allegations make clear, Kim is seeking to impute liability onto Jacobson as Giddy's alter-ego. Therefore, the arbitration agreement governs this counterclaim.

## ARGUMENTS AND AUTHORITIES

### A. Kim's Second Amended Counterclaim Does Not Comply with Fed. R. Civ. P. 15(a) or Judge Ezra's Order.

Kim filed his First Amended Counterclaims on March 12, 2021, alleging among other things, fraud against Jacobson. *See generally*, *Doc.* 29. Giddy filed a motion to dismiss as Kim had not pleaded fraud with particularity. *Doc.* 53. In response to Judge Lane's Report recommending dismissal of the fraud counterclaim (*Doc.* 59), Kim asserted that he *had* pleaded fraud with particularity, alleging that Jacobson made fraudulent statements 1) concerning submitting false payroll numbers in order to secure more PPPP loan funding, and 2) terminating Kim for objecting to such actions. *Doc.* 60 at ¶ 16. These two claims were the only basis for fraud alleged by Kim. *Id.*

In his Order, Judge Ezra agreed that Kim's counterclaim was not pleaded with particularity, but granted Kim leave to amend his fraud claim "to the extent it relates to the 'details of [his] termination'…". *Doc.* 61 at pg. 14. Leave was specifically denied as futile to amend on the PPP loan allegations. *Id.*

On July 23, 2021, Kim filed his Second Amended Counterclaim. *See generally, Doc.* 65. While the specific alleged fraudulent statements that form the basis of Kim's newly amended claim are hard to parse, none of them have to do with any purported representations relating to the "details of [Kim's] termination. *Id.* More specifically, Kim complains of statements made by

2

Jacobson in emails sent during the time period of Feb. 17, 2020 to Feb. 20, 2020, during which Jacobson and Kim were negotiating the details of Kim's employment.  *Id.* At ¶ 9-12, 14-16, 40-41.  The remainder of Kim's complaint goes into the PPP loan issue again.  *Id.* at ¶¶ 22-27.  The only possible interpretation of Kim's Second Amended Counterclaim that could be construed as relating to the details of his termination include statements made by Giddy's general counsel Christopher Clark (not Jacobson).  *Id.* at ¶ 29.

Fed. R. Civ. P. 15(a) only permits Kim to amend his counterclaims upon leave of court.  Leave of court was only granted as to the "termination" specific allegations of fraud. *Doc.* 61 at pg. 14.  The amended counterclaims allege fraud for statements made during the pre-employment period (or statements made by an entirely different party altogether), *not termination*.  Therefore, Kim's Second Amended Counterclaim should be struck as Kim did not seek leave of court, nor was any granted, to allege fraud based on pre-employment statements or for statements made by third parties not named Jacobson.

**B. If Kim's Counterclaim Survives, It Must Be Arbitrated.**

In the alternative, should Kim's Second Amended Counterclaim survive dismissal, the Court should compel arbitration pursuant to a valid arbitration agreement.  Judge Ezra's Order has already established that the arbitration agreement applies to this type of claim (fraud) against Giddy.  *Doc.* 61 at pg. 16; *see generally Doc.* 17, Ex. 2, pg. 11-12 for a true and correct copy of the Agreement.  It likewise applies to Kim's claim against Jacobson because Kim asserts veil-piercing and alter ego allegations.  *Doc.* 65 at ¶¶ 52-74.

A non-signatory to an arbitration agreement can compel arbitration when, as here, the parties relied on the terms of the contract, a signatory (Kim) alleges the non-signatory engaged in misconduct related to the contract, *or* if the corporate veil is pierced to hold an alter ego liable

3

when the alter ego exercised complete control over the corporation and such control was used to commit a fraud or wrongdoing[1].  *Kramer v. Toyota Motor Corp.,* 705 F.3d 1122,1129 (9th Cir. 2013); *Board of Trs. Of Delray Beach Police & Firefighters' Ret. Sys. V. Citigroup Global Mkts. Inc.,* 622 F.3d 1335, 1342 (11th Cir. 2010); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan,* 345 F.3d 347, 359 (5th Cir. 2003); *ARW Exploration Corp. v. Aguirre,* 45 F.3d 1455, 1461 (10th Cir.1995); American *Fuel Corp. v. Utah Energy Dev't Co., Inc.,* 122 F.3d 130, 134 (2d Cir.1997). *Accord First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba,* 462 U.S. 611, 629–30, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983); *Gardemal v. Westin Hotel Co.,* 186 F.3d 588 (5th Cir.1999). *Cf. Matter of Sims,* 994 F.2d 210 (5th Cir.1993).

Jacobson, as Kim asserts, was acting as the alter ego of Giddy at all relevant times when the allegedly fraudulent statements were made. *Id.*  If such allegations are taken as true and the corporate veil is pierced, then Jacobson can enforce the arbitration provision in Kim's employment contract.  Therefore, the Court should refer Kim's Second Amended Counterclaim to arbitration.

## CONCLUSION

For these reasons, Counter-Defendant Brett Jacobson respectfully requests that the Court strike or dismiss Counter-Plaintiff Ernest Kim's Second Amended Counterclaim, pursuant to Fed. R. Civ. P. 15(a), or in the alternative, compel arbitration pursuant to a valid and binding arbitration agreement, and that Jacobson be awarded all such other relief to which he is entitled in equity or law.

                                                      Respectfully submitted,

                                                      COKINOS | YOUNG

                                                     */s/ M. Wilson Stoker*
                                                     M. Wilson Stoker
                                                     State Bar No.  24076806

---

[1] Giddy and Jacobson maintain that there was no fraud or wrongdoing at any point.

Lauren S. Aldredge
State Bar No. 24079380
900 S. Capital of Texas Highway
Las Cimas IV, Suite 425
Austin, Texas 78746
Tel. (512) 615-8573
Fax: (512) 610-1184
wstoker@cokinoslaw.com
laldredge@cokinoslaw.com

**ATTORNEYS FOR COUNTER-DEFENDANT BRETT JACOBSON.**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via ECF on the 13th day of August 2021, to the following counsel of record:

Casey S. Erick
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202
cerick@cowlesthompson.com
*Attorneys for Defendant*

                                               */s/ M. Wilson Stoker*
                                               M. Wilson Stoker